IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSH WORKMAN,

           Plaintiff,

v.                                      CIVIL ACTION NO.　2:23-cv-00783

SCENIC ENTERPRISE, INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Scenic Enterprise, Inc.'s Motion for Summary Judgment filed on November 5, 2024. [ECF No. 23]. Plaintiff Josh Workman timely filed his response in opposition, [ECF No. 25], and Defendant replied. [ECF No. 26]. The matter is ripe for review. For the reasons stated herein, Defendant's motion is **GRANTED in part** and **DENIED in part**.

    **I.**    **Background**

This case arises from an employment dispute. Plaintiff Josh Workman was employed by Defendant Scenic Enterprise, Inc. ("Scenic") and currently serves in the West Virginia Army National Guard ("WVARNG"). [ECF No. 1, ¶¶ 7, 12]. Plaintiff alleges that he was promoted to a permanent position and consistent schedule with Scenic on May 25, 2023. *Id.* ¶ 16. On June 1, 2023, he worked half of his shift, left due to a health and hygiene "incident," and did not work again for Scenic. [ECF No. 25-2, at 14, 42–43]. On June 6, 2023, he left West Virginia to attend WVARNG training, returning on June 30, 2023. [ECF No. 1, ¶¶ 16–18]. Once he returned from training, he received no work for a month despite multiple attempts to determine what his schedule would be and where he was needed. *Id.* ¶¶ 18–26.

Plaintiff alleges that Scenic's failure to reemploy him after his military training with the WVARNG violated 38 U.S.C. § 4301, *et seq.* which prohibits "discrimination against persons because of their service in the uniformed services." *Id.* ¶ 30–38; 38 U.S.C. § 4301(a)(3) (the Uniformed Services Employment and Reemployment Rights Act of 1994 or the "USERRA"). Essentially, Plaintiff alleges that his departure for military training was a substantial and motivating factor in Scenic's failure to reemploy him. [ECF No. 1, ¶ 36].

Scenic, in its motion and accompanying memorandum, argues that summary judgment is appropriate because Scenic took no adverse employment action against Plaintiff, and Plaintiff abandoned his job before he left for his military training. [ECF No. 24, at 2–4]. Even if Plaintiff could make out a prima facie case, Scenic argues, summary judgment is still appropriate because Plaintiff cannot show any evidence that his military training was the reason he was never scheduled to work another shift. *Id.* at 4–5. Plaintiff, in response, argues that he never quit his job and actively sought reemployment for a month to no avail. [ECF No. 25, at 3–4].

**II.     Legal Standard**

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case*." Lester v. Gilbert*, 85 F. Supp. 3d 851, 857 (S.D. W. Va. 2015) (quoting *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010)). "A genuine issue of material fact exists if . . . a reasonable fact-finder could return a verdict for the non-movant." *Runyon v. Hannah*, No. 2:12-1394, 2013 WL 2151235, at *2 (S.D. W. Va. May 16, 2013) (citations omitted); *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) ("Disposition by summary judgment is appropriate . . . where the record as a whole could not lead a rational trier of fact to find for the

non-movant."). The moving party bears the burden of showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

### III. Discussion

Plaintiff's single-count action under 38 U.S.C. § 4301, *et seq.* advances two legal theories. First, under 38 U.S.C. § 4311, an employer may not discriminate against employees engaged in military activities because of their participation. *Francis v. Booz, Allen & Hamilton*, 452 F.3d 299, 304 (4th Cir. 2006). Plaintiff alleges that Defendant failed to give him any work after he returned from his training with the WVARNG. That decision, Plaintiff asserts, was motivated by his military activity in violation of 38 U.S.C. § 4311.

Second, under 38 U.S.C. § 4312, an employer must "rehire covered employees" who are absent from employment while engaged in a military activity. *Id.* Plaintiff alleges that Defendant failed to reemploy him in a comparable position when he returned from his military training in violation of 38 U.S.C. § 4312.

#### 1. 38 U.S.C. § 4311 – Discrimination Based on Military Obligation

Section 4311 states that a person who has an obligation to engage in uniformed services "shall not be denied initial employment, reemployment, . . . or any benefit of employment by an employer on the basis of that . . . performance of service . . . or obligation." 38 U.S.C. § 4311(a). An employer engages in prohibited conduct when the employer makes an adverse decision against the employee, and the employee's "obligation for service in the uniformed services is a motivating factor in the employer's action." *Id.* § 4311(c)(1). The Fourth Circuit has distilled this into a three element rule block: an employee must show "(1) that his employer took an adverse employment action against him; (2) that he had performed, applied to perform, or had an obligation to perform

as a member in a uniformed service; and (3) that the employer's adverse action was taken 'on the basis of' that service, such that the service was 'a motivating factor' in the action." *Kitlinski v. U.S. Dep't of Justice*, 994 F.3d 224, 229 (4th Cir. 2021) (citing *Harwood v. Am. Airlines, Inc.*, 963 F.3d 408, 414 (4th Cir. 2020)).

Defendant makes two arguments: (1) Scenic made no adverse employment decision against Plaintiff and (2) even if Scenic did make an adverse employment decision, it was not because of Plaintiff's military training attendance. I find that there is no evidence of discrimination; therefore, summary judgment is appropriate for this claim under 38 U.S.C. § 4311.

Because an employer's decision cannot be "on the basis of" an employee's military activities, an essential element of Plaintiff's claim is that Defendant was motivated by the employee's military status.[1] While not having adopted a single test, the Fourth Circuit has held that under USERRA discriminatory motivation can be "inferred by an employer's expressed hostility towards servicemembers protected by the Act." *Harwood*, 963 F.3d at 415–16. That hostility must be "connected in some way to the adverse employment action." *Id.*

Here, Plaintiff has no evidence on which a jury could rely to find that Defendant was improperly motivated. There is no showing of hostility when Plaintiff gave Scenic employees his schedule. [ECF No. 25-2, at 6, 8]. Nor is there any showing that Plaintiff endured any animosity or resentment from his supervisor or other Scenic employees. *See generally* [ECF Nos. 23-1, 25-2] (Defendant's employees never mentioned his military training at all). With no evidence to rely on, a reasonable jury could not find for Plaintiff. *Francis*, 452 F.3d at 307 (Summary judgment is appropriate when the plaintiff "simply presents *no* evidence, direct or circumstantial, through

---

[1] I have started at Defendant's second argument for two reasons. First, Plaintiff must show all three elements for success, so if he cannot show evidence for even one of them, his claim must fail. Second, whether Defendant took an adverse employment action may be related to whether Plaintiff was an employee at the time, which I find in Section III.2 to be a genuinely disputed material fact.

4

which a rational trier of fact could find that" the defendant was motivated by an employee's military service.).

Even under Plaintiff's proposed four-factor test from the Eleventh Circuit, I come to the same conclusion. [ECF No. 25, at 11–12]; *Annarumma v. High Springs Florida*, 846 Fed. Appx. 776, 782 (11th Cir. 2021). The factors to create an inference of discriminatory motive applied by the Eleventh Circuit are

> (1) the temporal proximity between the employee's military activity and the adverse employment action; (2) inconsistencies between the proffered reason for the employer's decision and other actions of the employer; (3) an employer's expressed hostility toward members protected by the statute combined with its knowledge of the employee's military activity; and (4) disparate treatment of similarly situated employees.

*Annarumma*, 846 Fed. Appx. at 782 (citing *Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231, 1238 (11th Cir. 2005)).

Plaintiff offers no evidence to support a finding of discrimination under the second, third, or fourth factors. No inconsistent statements between Scenic employees have been offered, no hostility has been expressed, and there is no evidence of disparate treatment. At most, Plaintiff points to the temporal proximity of his return and Scenic's failure to give him work. If I were to find that this was enough evidence to survive summary judgment, any coincidental employment change may be subject to litigation. I am not interested in expanding USERRA litigation so far, and Plaintiff's offered temporal relationship is not enough to survive summary judgment.

Because no reasonable jury would be able to find a discriminatory motive, Defendant's Motion for Summary Judgment is **GRANTED in part** as it concerns Plaintiff's claim under 38 U.S.C. § 4311.

### 2. 38 U.S.C. § 4312 – Failure to Reemploy

Generally, 38 U.S.C. § 4312 entitles any employee who misses work because of military-related obligations to return to that job. 38 U.S.C. § 4312(a) ("[A]ny person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits.").[2]

In its motion, Defendant makes one argument: when Plaintiff left work early on June 1, 2023, he quit his job. Therefore, when Plaintiff attended WVARNG training on June 6, he was no longer employed by Defendant, and Defendant had no obligation to give him work when he returned from training on June 30, 2023. Plaintiff disputes this, and the fact is material as to whether Plaintiff is covered by section 4312.

Plaintiff's version of events is that he did not quit his job. [ECF No. 25-1, at 4] (Plaintiff's Declaration). On June 1, 2023, Plaintiff worked a portion of his shift before leaving due to a "health and hygiene" issue where he "had an incident." [ECF No. 25-2, at 14, 42–43]. When Plaintiff returned from training at the end of June, Scenic employees acted as if they would give him work when they needed him. [ECF No. 25-2, at 16] (a supervisor responding to Plaintiff with "Josh I call if I need u ok" on July 3, 2023); *Id.* at 18 (organizational Scenic employee responding to Plaintiff with "Not sure…need to talk to Eddie. I know they changed that we don't use as many loaders" on July 24, 2023); *Id.* at 22 (same employee telling Plaintiff, "No one said you were fired…You said you were needing to look for a job" on August 4, 2023). All of this, Plaintiff argues, emphasizes his continued employment up until his WVARNG training.

---

[2] For coverage under the statute, the employee must (1) give notice to his employer, (2) not be absent longer than five years (cumulative), and (3) report or submit an application to his employer for reemployment. *Id.* § 4312(a)(1)–(3). None of this is disputed by Defendant.

Defendant's version is that Plaintiff did, in fact, walk off the job. Defendant argues that Plaintiff was well-warned that employees were not permitted to walk off the job. *See* [ECF No. 23-1, at 2] (Two messages to Plaintiff saying first "U suppose to be at work tonight" and second "Your hours are 5p-5a Make sure you stay the 12 hours or we loose the spot." Both were sent during the afternoon of May 25, 2023.); [ECF No. 23-1, at 4] (A text on May 31, 2023, to Plaintiff after he told a Scenic employee that he was not feeling well and intended on going home. The text says, "I have no idea what to tell you…we leave and we are in trouble that I know. Let me see who I can get in touch with."). According to Defendant, despite those two warnings, Plaintiff left work six hours early on June 1, 2023, and abandoned his employment. This is bolstered by one text, sent by Plaintiff's supervisor on July 31, 2023, which read: "U walked off did not say a thing." *Id.* at 18. All of this, Defendant argues, points to Plaintiff's clear abandonment of his employment.

In summary, the parties' dispute is genuine and material. Hearing both versions, a reasonable jury could come to different conclusions on whether Plaintiff was employed by Scenic before he left for training. Therefore, Defendant's Motion for Summary Judgment is **DENIED in part** as it concerns Plaintiff's claim under 38 U.S.C. § 4312.

## IV.    Conclusion

For the reasons stated herein, Defendant's Motion for Summary Judgment, [ECF No. 23], is **GRANTED in part** as it concerns Plaintiff's claim under 38 U.S.C. § 4311 and **DENIED in part** as it concerns Plaintiff's claim under 38 U.S.C. § 4312**.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     January 10, 2025

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE